### 12738.   WALLIN *v.* MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH.

On consideration of the demurrer to the petition, the court did not err in passing an order limiting the plaintiff's right of recovery to $1,186.37, nor thereafter in refusing to allow him to introduce evidence for the purpose of showing that he was entitled to recover an additional sum. Nor was it error to direct a verdict in favor of the plaintiff for $1,000.
                  DECIDED DECEMBER 14, 1921.

Action on contract; from Chatham superior court — Judge Meldrim.   May 25, 1921.

Henrik Wallin sued the Mayor and Aldermen of the City of Savannah, for breach of contract. The contract, as set forth in the petition, shows that Wallin was engaged by the city as

architect for a certain building to be erected by the city. The material parts of the contract, so far as this suit is concerned, are as follows: "Art. 2. The said Wallin shall render complete professional services as architect for said building, consisting of preparing preliminary studies, plans, and sketches, which are to be restudied and revised by the said city or its agents until the same are satisfactory to and approved by the said city, after which said Wallin shall perform all services required or necessary in the matter of plans, working drawings, and specifications, detailed drawings, forms of building contracts, general direction and supervision of the construction of said building, certificates of payments due contractors and others performing labor or furnishing material in connection with said building, and all other services in connection with the construction of said auditorium building properly chargeable to an architect; all of which services to be the customary services of an architect as defined by the American Institute of Architects, except that in case of conflict the express terms of this agreement shall be binding." "Art 6. The said city is to compensate the said Wallin for his services as architect, and is to pay as such compensation a sum equal to six per cent. (6%) of the total cost of the completed building, provided such sum does not exceed the maximum amount of commissions hereinafter named. Payments to the said Wallin are to be made as the work progresses, in the following order: Upon the acceptance of the preliminary studies, one fifth of the estimated fee; upon the completion of specifications and general working drawings one fifth additional, and an additional one fifth when the general contract is let by the city, the remainder being due from time to time in proportion to the amount of service rendered. Until an actual estimate is received, charges are based upon the proposed cost of the work and payments received are on account of the entire fee, but in no event is the said Wallin to receive commissions of more than a total [of] eight thousand one hundred ($8,100.00) dollars, unless the plans, after acceptance by the city, are, through no fault of the said Wallin, materially changed by the city." "Art. 7. If, after the plans, specifications, and scheme of work have been accepted and approved by the city, through no fault of the said Wallin, material changes are made by the city

in the same, or if the architect be put to extra labor or expense by the delinquency or insolvency of a contractor, the architect shall be paid for such additional services and expense in a sum to be agreed upon between the city and said Wallin. " "Art. 8. Should it be found, after the completion by the said Wallin of the preliminary studies and the plans and specifications and general working drawings for the construction of the auditorium, that a contractor acceptable to the city has not submitted a bid on the same in the amount within the sum set apart by the city for the construction of said auditorium by the city, then the said Wallin is obligated to make all necessary revisions and changes in the plans and specifications, working drawings, or other documents, as will enable the cost of the auditorium building to be reduced to a sum within the amount set apart by the city for the construction of said auditorium; all without extra payment or compensation to the said Wallin; all revisions and changes in the plans, specifications, and working drawings made shall be submitted to and approved by the city." The petition admitted that the plaintiff had been paid by the city on this contract $7,526.63, and showed that under the contract he had performed other services, which entitled him to recover the sum of $1,186.37. The petition alleged also that by reason of certain facts set forth therein the plaintiff was entitled to recover the additional sum of $3,240. The defendant demurred to the petition generally and specially. The court overruled the general demurrer, but sustained the ground of the special demurrer attacking the plaintiff's claim as to the $3,240 item. After striking this item the court passed an order limiting the plaintiff's right of recovery to $1,186.37. To this order the plaintiff excepted pendente lite, and the case proceeded to trial. Upon the trial the plaintiff admitted that he was entitled to recover only $1,000 on account of the extra services for which the petition claimed $1,186.37. The court refused to allow the plaintiff to testify as to the $3,240 item, and, upon motion of the defendant's counsel, directed a verdict in favor of the plaintiff for $1,000. To the action of the court in rejecting the plaintiff's proffered testimony and in directing a verdict for only $1,000 the plaintiff excepted.

*Oliver & Oliver,* for plaintiff.

*Shelby Myrick, Edwin A. Cohen,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) In our view of this case the court did not err in sustaining that ground of the special demurrer which challenged the plaintiff's right to recover the $3,240 alleged to be due him by the defendant. The salient facts upon this phase of the case, as shown by the amended petition and the contract, are, that the plaintiff agreed to draw the plans for the building and supervise its construction, all for the sum of $8,100, unless the plans were materially changed by the city through no fault of his; that he drew certain plans and specifications which were accepted by the city, but because of the unprecedented advances in the price of labor and material, none of the bids received from contractors was within the price fixed for the construction of the building, and subsequently all bids were rejected, and he was compelled by the city, through no fault of his, to alter his original plans and specifications in order to bring the construction of the building within the amount appropriated by the city. It is for these alterations in the original plans that he claims the additional sum of $3,240, and he bases his claim thereto on article 7 of the contract. We do not think this article, construed singly or in connection with the entire contract, supports this contention. The changes in the original plans and specifications became necessary because there were no bids submitted within the amount appropriated by the city for the construction of the building as planned and outlined by the plaintiff in his original drawings, and this very contingency was expressly provided for in article 8 of the contract. The learned counsel for the plaintiff contend that when article 8 of the contract is construed in the light of articles 2, 6, and 7 thereof, it means that if the revisions and changes provided for in article 8 are occasioned through no fault of the architect, then he shall receive compensation therefor. We do not think such a construction of the contract is a reasonable one. It seems clear to us that under a proper construction of the contract as a whole, and the plain and unambiguous terms of article 8 thereof, the plaintiff was not entitled to any compensation for the alterations of the original plans and drawings which were made necessary to bring the cost of the building within the appropriation made by the city for its erection.

.It follows from what has been said that the court did not err

in sustaining the special demurrer to the petition, and in passing an order limiting the plaintiff's right of recovery to $1,186.37, nor in excluding the testimony offered in support of the $3,240 item, nor in directing a verdict in favor of the plaintiff for the sum of $1,000.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*